FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 26 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHNNY WASHINGTON,

                      Petitioner,

     - against -

SUPERINTENDENT HAROLD D.
GRAHAM

                      Respondent.
-----------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**

CV-07-1706 (BMC)(LB)

**COGAN**, District Judge.

In this habeas corpus petition under 28 U.S.C. §2254, petitioner *pro se* challenges his burglary and robbery conviction on either one or two grounds. The first is insufficiency of the evidence. The potential second ground is difficult to decipher; petitioner may have intended it merely as support for his insufficiency claim, but it appears to fold in allegations of an unduly suggestive lineup and ineffective assistance of counsel for not raising it. In addition, petitioner raises another claim, challenging his sentence as a persistent violent felony offender under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). I am gleaning petitioner's first and third claim primarily from the way he articulated them through counsel to the Appellate Division, since his *pro se* petition here is skeletal. The possible second claim, however characterized, was never raised in state court. In disposing of these claims below, I assume familiarity with the facts.

## I. Legal Insufficiency

A habeas petitioner "bears a very heavy burden" when challenging the legal sufficiency of the evidence used to obtain a state criminal conviction. Einaugler v. Sup.Ct. of the State of New York, 109 F.3d 836, 840 (2d Cir. 1997). A state criminal conviction will be upheld if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979); see Policano v. Herbert, 430 F.3d 82, 86 (2d Cir.2005); Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002). Thus, even if a federal court is "faced with a record of historical facts that supports conflicting inferences [it] must presume ... that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. 307, 326, 99 S.Ct. 2781.

Moreover, a federal court may not grant an application for a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A writ of habeas corpus may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523 (2000). An incorrect ruling is not always an unreasonable one. "Some increment of incorrectness beyond error is required. We caution, however, that the increment need not be great; otherwise, habeas relief would be limited to state court decisions 'so far off the mark as to

suggest judicial incompetence.'" Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (quoting Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 889 (3d Cir. 1999)).

Petitioner's challenge to his second degree burglary conviction consists of the technical point that the victim held the door to her apartment building open for him, and thus he was not trespassing, a necessary element of the burglary charge. It is not at all clear that this issue of state statutory construction raises a federal constitutional claim, but as the Appellate Division found, there is no merit to it. The victim testified that when she arrived at the entry to the vestibule of her apartment building, petitioner was visually inspecting the intercom call buttons as if looking for someone he knew, and then said to her, "'I forgot my key or something.'" She did not testify that she held the door open for him, as he asserts in the instant petition; rather, he followed her in before the door could close. "I just opened my door and he came after me like everybody does when somebody opens the door."

Thus, one permissible view of the evidence is that petitioner was not a guest or invitee. It did not require the victim to slam the entryway door in his face in order to make his entry a trespass. He had no license or privilege to enter a locked space reserved for tenants of the building just because a tenant went in ahead of him and he followed her in before the door could close behind her.

Moreover, even if the victim had invited him in, it is well settled under New York law that obtaining entry to premises by trickery is sufficient to satisfy the trespass element of second degree burglary. See e.g., People v. Hare, 27 A.D.3d 1171 (4th Dep't 2006); People v. Dupree, 122 A.D.2d 852 (2d Dep't 1986). His sham inspection of the intercom call buttons and false statement that he "forgot his key" could easily be seen as deceiving the victim into believing that he had a right to be in the building and thus reduced the likelihood that she would slam the door

3

behind her. Petitioner contended in the Appellate Division that his case was distinguishable from those involving entry by impersonation, but the Appellate Division did not see the difference, and neither do I. By pretending to look for his non-existent key and scanning the intercom buttons to look for a non-existent acquaintance to let him in, petitioner could be viewed as impersonating a tenant or guest of a tenant in the building.

In any event, the scope of the "license by trickery" exception to the trespassing requirement under the second degree burglary statute was a matter of state law for the Appellate Division. The appellate court found the evidence from the record sufficient to support the trial court's conclusion. There was no unreasonable application of Supreme Court authority, and no due process violation under Jackson v. Virginia.[1]

## II. The Potential Second Claim

Respondent construes this claim as challenging the lineup in which the victim picked out petitioner, but I cannot tell if that is what petitioner intended. The claim is not listed in one of the numbered "Grounds" sections of the form petition; rather, petitioner included it as an insert to Ground One, under a subsection asking him: "Describe any other procedures (such as habeas corpus, administrative remedies, etc.), that you have used to exhaust your state remedies." His inserted answer to that question uses several catch-phrases, including calling the lineup "duly [sic] suggestive ... and improper," but also states that "my counsel failed to address" that issue, and that "it was not raised to higher courts ... thus causing the petitioner to suffer prejudice as a result of ineffective assistance of counsel." The insert concludes by harkening back to the

---

[1] Because I have resolved this claim on the merits, I need not reach respondent's argument that the claim is procedurally barred.

4

insufficiency point of which it is a part, stating that the burglary charge was not proven "since petitioner was granted permission of entry [sic] into building...."

It may be that all petitioner intended to show by this insert to Ground One was that the victim's credibility might have been more aggressively challenged, and then it would be seen, perhaps, that she voluntarily admitted him to the apartment building. If it is anything else, however, it is unexhausted. There is no reference to anything like it in the briefing to the Appellate Division. To the extent it is challenging the lineup or alleging ineffective assistance of counsel, it is deemed exhausted and procedurally barred, as such issues could have been but were not raised on direct appeal.

Where federal habeas claims are unexhausted, but the petitioner no longer has any available avenue to pursue those claims in state court, this Court will "deem" the claims exhausted. See Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989); Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994); Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). Here, since the record evidence on the lineup appears complete, petitioner could have raised any claims concerning it, or his trial counsel's failure to object to it, on his direct appeal to the Appellate Division, but he opted not to do so, and he is not now entitled to another direct appeal. See Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006) (finding remedies in New York State courts no longer available because "[petitioner] has already taken his one direct appeal, and [his] claim is procedurally barred from consideration in a collateral attack on his conviction"). Petitioner is also foreclosed from raising the claims collaterally in a §440.10 motion. See N.Y.Crim.Proc. § 440.10(2)(c) (barring collateral review of claims that could have been raised on direct appeal). Thus, petitioner now has no procedural recourse to New York's courts to advance these unexhausted claims.

Where a claim is deemed exhausted because of a state procedural bar, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." Gray v. Netherland, 518 U.S. 152, 162, 116 S.Ct. 2074, 2080 (1996); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 633 (2d Cir. 2001). Petitioner's unexhausted claims are therefore procedurally barred from habeas review by this Court unless petitioner can overcome the procedural bar by showing either (1) both cause for failing properly to raise the claim in state court and prejudice resulting from the alleged constitutional error, or (2) that the failure to address the claim on habeas would result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If petitioner intended this insert as an attack on the lineup or as an attack on his counsel, rather than merely as amplification of his insufficiency claim, petitioner has not attempted to satisfy either Coleman standard.

I need not wrestle with the proper characterization, however, because there was nothing wrong with the lineup. First, other than using the word "suggestive," petitioner has given me no hint of what he thinks was wrong with the lineup. His conclusory statement is inadequate to raise a federal constitutional issue. See Smith v. Girdich, 03 Civ. 5193, 2004 WL 1743946, *3 (E.D.N.Y. Aug. 4, 2004) (citing Dory v. Commissioner of Correction, 865 F.2d 44, 45 (2d Cir. 1989) (vague or conclusory claims do not raise an issue in a habeas proceeding).

Second, the record shows there was nothing wrong with the lineup. The officer who conducted it testified at trial in detail concerning how it was set up, and it was by the book. There is no evidence in the record to raise an issue that it was suggestive, but there is evidence in the record that the police took steps to help insure that it was not. The lineup satisfies the reliability standard under Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243 (1977).

Third, the victim had ample time and position during the robbery to view petitioner. After the incident, she gave police a description of her assailant that was consistent with petitioner's appearance, and she picked him out of a photo array that the police prepared based on that description. All of the reliability factors that warrant consideration under Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375 (1972), are met here.

Since petitioner has failed to allege let alone establish what was unduly suggestive about the lineup, it follows that his counsel cannot be faulted for not challenging it. Putting aside the conclusory nature of his allegation, see Smith, the record refutes a showing under both requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

## III. The Apprendi Claim

In the Appellate Division and here, petitioner has attacked the constitutionality of the New York persistent violent felony offender statute, N.Y. Penal Law §70.08.[2] The statute provides for a career criminal sentencing enhancement if the trial court finds two prior violent felony convictions within the last 10 years, which 10-year period is tolled during incarceration. Petitioner contends that since the statute requires findings by the trial court rather than a jury, it violates his Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

Defendant admitted to his prior convictions. That is sufficient for the trial court to have imposed the persistent violent felony offender enhancement. Rita v. United States, ___ U.S. ___,

---

[2] This issue needs to be distinguished from the constitutionality of N.Y. Penal Law §70.10, which applies to *non-violent* persistent felony offenders. Section 70.10, unlike §70.08, calls for the sentencing court to find a number of qualifying facts relating to petitioner's history and characteristics to impose an enhanced sentence. The requirement of finding these additional facts has caused courts in this Circuit to split as to the constitutionality of the statute. Compare Washington v. Poole, ___F.Supp.2d ___, 2007 WL 2435166 (S.D.N.Y. Aug. 28, 2007) and Portalatin v. Graham, 478 F.Supp.2d 385 (E.D.N.Y. 2007) (holding statute unconstitutional) with Morris v. Artus, 06 Civ. 4095, 2007 WL 2200699 (S.D.N.Y. July 30, 2007).

7

127 S.Ct. 2456, 2466 (2007) (noting that constitutional issue is not presented if defendant concedes the facts in issue). Even without the admissions, the fact of prior convictions has been excluded from those sentencing facts which a jury must determine since Almendarez-Torres v. U.S., 523 U.S. 224, 118 S.Ct. 1219 (1998). Although that decision has been criticized, every subsequent Supreme Court sentencing decision, including Apprendi, 530 U.S. at 490, has continued to exempt prior convictions from those facts which must be judicially determined. See Cunningham v. California, ___ U.S. ___, 127 S.Ct. 856, 871 (2007); United States v. Booker, 543 U.S. 220, 244, 125 S.Ct. 738, 756 (2005); Blakely v. Washington, 542 U.S. 296, 301, 124 S.Ct. 2531, 2536 (2004).

With petitioner having admitted to his prior convictions, and with prior convictions removed from the reach of Apprendi in any event, all that remained for the trial judge to do at sentencing with regard to the enhancement was the math. And, indeed, it is the math that is the wrinkle upon which petitioner's counsel in the Appellate Division relied. Noting that petitioner's predicate violent felony convictions occurred in 1983 and 1991, petitioner argued there, and the argument is carried forward here, that the sentencing court must also have found that a toll existed by reason of his incarceration; otherwise, both convictions would be beyond the ten years that the statute requires. Petitioner contends that it is this factual finding as to the time of incarceration that violates Apprendi.

The Second Circuit has not applied the prior conviction exception so narrowly. In U.S. v. Santiago, 268 F.3d 151 (2d Cir. 2001), the Court held that the question of whether prior convictions occurred on "separate occasions" for sentencing purposes could be determined by the court, not a jury, as part of its determination concerning the prior convictions themselves. The Court stated it this way:

> [W]e read *Apprendi* as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well. Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the "who, what, when, and where" of a prior conviction.

Id. at 156. I see no meaningful distinction between the "separate occasions" determination that the Second Circuit held was within the ambit of the prior conviction exception and the calculation of the tolling period here. If anything, calculation of the tolling period requires less fact-intensive analysis and, like the prior conviction itself, is readily ascertainable as a matter of public record in all but the unusual case. The dates and amount of time served are as or more closely related to the conviction than any of the other facts surrounding it. And the danger of prejudice to a defendant in having the issue presented to a jury, which formed part of the *ratio decidendi* of Almendarez-Torres, is equally or more present in asking a jury to count the days that a defendant spent in prison.

It could be argued that in light of intervening Supreme Court sentencing precedent since Santiago, the number of factual determinations that need not be determined by a jury has been reduced, and that the scope of the prior conviction exception to Apprendi should be narrowed correspondingly. It is also the case that Santiago is not controlling in the instant matter as only Supreme Court authority supplies the standard for reviewing the Appellate Division's decision. See Rodriguez v. Miller, 499 F.3d 136, 142 (2d Cir. 2007) ("AEDPA itself tells us that the decisions of the courts of appeals cannot provide clearly established federal law").

Nevertheless, as noted above, the Supreme Court continues to adhere to the prior conviction exception. If the exception is to include any facts beyond the public record of conviction itself, the amount of time served would remain within the scope of permissible determinations by the sentencing judge. Applying the deferential standard of 28 U.S.C.

9

§2254(d), I cannot say that the Appellate Division's rejection of petitioner's argument was either contrary to, or an unreasonable application of, Supreme Court authority. See Hayes v. Ercole, No. 06 Civ. 4073, 2007 WL 2403339, *9 (S.D.N.Y. Aug. 20, 2007) (upholding constitutionality of §70.08); O'Garro v. Ercole, No. 06 Civ. 3887, 2007 WL 401194, *4 (S.D.N.Y. Feb. 5, 2007) (holding that the "sentencing court's determination of the length of the petitioner's prior incarceration" under §70.08 "for purposes of determining whether he was a persistent violent felony offender was not contrary to nor an unreasonable application of Supreme Court precedent").

## CONCLUSION

The petition is denied. The Clerk is directed to enter judgment in favor of Respondent. Because the scope of Apprendi's prior conviction exception in light of subsequent Supreme Court sentencing decisions is "adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336, 123 U.S. 1029 (2003) (internal citations omitted), a certificate of appealability is issued for Point III above only. 28 U.S.C. §2253(b)(2).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
October 24, 2007